Good morning. May I please the Court? My name is Laura Ferguson. I'm counsel for Appellant Thompson Truck & Trailer. I plan to use my oral argument time to focus on the Chevron issue and I would like to reserve two minutes for rebuttal. This Court should reverse and remand because the District Court erred in ignoring a long-standing Treasury Department regulation addressing whether certain truck components are subject to the excise tax. Because the statute did not, in Chevron parlance, address the precise question at issue whether components installed on a truck chassis or body that do not contribute to the highway transportation function of the truck are part of the tax base, the District Court should have concluded that the statute left room for regulatory interpretation and proceeded to Step 2 of Chevron and addressed whether the regulation was a permissible construction of the statute. Counsel, just before we get to Step 2, I want to figure out why we don't stop at Step 1 and I think your answer may be the Mayo case, but I want to at least challenge you a little bit on this particular case, which is, under any reasonable definition of the word part, this diesel particulate filter is a part. And so under the plain language of the statute, why doesn't that just end the case? I think it's fair to say that under an ordinary dictionary definition meaning of parts or accessories, one might include diesel particulate filters within that. But I would immediately turn to Mayo, which tells you, especially in tax statutes, complicated technical statutes, often the ordinary meaning is not the one we should look to. There may be a question that is posed that the statute isn't directly addressing. And here we have this unusual situation where you have a part that in the entire history of trucks has never been needed, it doesn't contribute to the truck's ability to function, it doesn't contribute to the safety or the maintenance of the truck or the comfort of the passengers or its ability to carry a load. It's something that's on the truck recently only because of this regulatory requirement. Oh, go ahead. I was just going to follow up. Mayo's different. And Mayo's involve the word student. And the problem I have is Mayo was ambiguous as applied to that particular case. A student could be somebody who spends 100% of their time in class, a full-time student, or a student could be somebody like this, where you don't spend 100% of your time in class. So you're actually doing something part of your course of study that requires like an externship or an internship. You get paid for doing something. And so the definition of student, even though we kind of know what it means, was ambiguous in that sense. And so under Chevron Step 1, it was reasonable then to go on to Chevron Step 2. I guess I'm not sure why it's reasonable to go to Chevron Step 2 here, because again, I don't know of any other definition of the word part that doesn't include this particular filter, whether it a tactical definition or otherwise. Maybe you can help me come up with a different definition. Well, I think under Mayo, there was no dispute that the medical students were students, as that term is understood. The question was, is the fact that they are also carrying on this sort of employment as residents, does that sort of change the analysis? And here, I think the question left unaddressed by the statute is whether we should truly treat something as a part of a truck if it has nothing to do with the functionality of the truck whatsoever. Isn't there a long history of definition by regulations with respect to the word part? There was a regulatory definition of part and accessory that was promulgated under the predecessor statute, 4061. I mean, it goes back for decades, doesn't it? There's a regulatory history here against which Congress has been legislating, isn't that correct? And reusing the words. So why isn't that evidence that the plain meeting rule simply won't get you there? Well, exactly. If the term parts and accessories as used in the statute was so crystal clear that it left no room for regulatory interpretation, you wouldn't have had this parts and accessories regulatory definition with the Supreme Court upheld. Even if you wouldn't have, the fact that you did have. You did, right. And that Congress, it seems to me over the years, can be said to have acquiesced in that definition by repeating over and over again this parts and accessories language without any kind of apparent desire to make it clearer than that seems to me to be some evidence of adopting the regulatory scheme. I think that's absolutely right. And I think that's what's striking about the District Court's decision here is that this statutory scheme, first the manufacturer's excise tax and then the retail excise tax, had a whole regulatory regime that had been in place for decades. The regulation we relied on has been in place for 40 years. There have been the parts and accessories definition also in place for decades. And to then look at the statute and say, well, everything that's sold with the truck must under the statute be taxable, just flies in the face of an entire regulatory regime that had been in place when Congress enacted 4051. So we do believe that the District Court's decision was problematic in that effect. As this Court found in the Eighth Circuit decision in Mayo, there's been a number of cases in the tax area where a term appeared to have an ordinary meaning, but yet the precise question was left unaddressed and there was room for regulatory interpretation. Here, Thompson Truck had argued in reliance on the installed equipment regulation, and the District Court did not even address the argument at all. And a footnote, the Court... I'm sorry, what's your argument? Was that... Sorry. In the opposition to the motion to dismiss that the government filed, Thompson Truck relied on the installed equipment regulation, which says that if a machinery equipment is attached to the chassis, then, and does not perform a highway transportation function, it's not part of the tax base. That's the exemption argument, is that what you're saying? Right, right. The exemption argument. An exemption, right. Not a statutory exemption, but the regulation interpreted the statute to not apply to equipment that doesn't perform a highway transportation function. So Thompson Truck had... I was just going to ask, did you establish anywhere, and this is something that I was looking for, once you get to the regulation, have you established that it's machinery or equipment? And if so, where's that sort of pled or where's the evidence of that? I don't think there's a dispute that it's machinery or equipment. I think it's pled that it's a component that's sold with the truck, it's installed on the chassis. I think this is one of the reasons we're asking for a remand, is that because the case was decided on a motion to dismiss, there wasn't a full development of the factual record and the court never even reached whether the regulation would apply. Well, the reason why I'm asking is because this would seem like a part under the plain language of the statute. Then you get to the wow, is this really a machine? Is this really equipment? Then you look at the plain language of those particular provisions and you're like, I don't know if it really fits in those things, so I'm not even sure that the regulation applies. And I don't know what to do with that at this stage. Well, the complaint alleges, pleads that the diesel particulate filter has these two properties. It operates essentially as this furnace where it heats up the collected soot at this high temperature and burns it off and condenses it down into ash. And that function can be performed while the truck is moving or typically also while the truck is standing at something called parked regeneration. So it's operating as sort of this little furnace system to burn off the ash. So we believe that it is equipment or machinery that is attached to the chassis of the truck and therefore comes within the regulation. And also in looking at the regulation, sorry. How is it different from the starter that would start the engine or the fuel injector that injects the diesel fuel under 10,000 pounds per square inch into the cylinder? Well, those would be necessary to the highway transportation function of the truck. The DFSs aren't, because the truck will run without it. Many people would rather have, same with the farm tractors now. You've got to keep a special tool tank to put in the whatever they call it. Both parties agree. I think it's fair to say that the only function that the diesel particulate filter serves is to meet this air quality regulatory requirement, that otherwise no one would ever have it on a truck. It doesn't increase the truck's fuel efficiency. It doesn't increase its ability to operate efficiently. I might say the same thing about the muffler on a truck, but try to run it through any municipality without a muffler and see what happens. Well, you could say that, well, let me turn to the language of the installed equipment regulation, which describes a category of types of equipment, machinery or equipment that does contribute to the highway transportation function. It talks about loading or unloading equipment, towing winches and all other machinery or equipment contributing to either the maintenance or safety of the vehicle, the preservation of cargo or the comfort and convenience of the passengers. So you could argue that the muffler would fall within that category, plus a muffler has historically, I don't know how far back, I'm not a truck expert, but it's been routinely associated with as a part of a truck, whereas this diesel particulate filter is this new regulatory requirement that's entirely separate from the normal operation and functionality of the truck. Can they run the truck on a highway without the diesel particulate filter? Can Thompson truck do it? Legally, no. I mean, functionally, yes. I mean, the trucks would operate just fine without them, but in order to operate on the highway, the EPA requires you to have this. So let me make a plain language argument. Doesn't it contribute to the highway transportation function? Remember, the regulation doesn't say common truck functions or something of that nature, but doesn't it contribute to the highway transportation function because the truck can't run on a highway without it? I think it depends on how you define function. So we would interpret the regulation to use function to mean how the truck operates as a truck rather than meeting some external sort of air quality regulatory requirement. Some practical function rather than a legal function. Exactly. Exactly. Wouldn't your argument be stronger, though, if it used the word common truck function or a typical trunk function or something of that nature? I would have preferred that language, but I think the very least, we have a very simple argument on appeal, and it is that the district court should have longstanding regulatory regime and at least acknowledged the argument and considered whether the regulation was entitled to deference. I think the government has not argued that the regulation is an impermissible interpretation of the statute and then should have considered whether the regulation applied. And we argue that it does, but that's for the district court to consider in the first instance. The district court never even reached that issue because I think she inappropriately gave too little. Go back to what I think was part of Judge Strauss' opening question. I'll rephrase it. What's the purpose of the regulation when it defines these things? So the statute even considers, for example, under 4051AE, it imposes a tax on tractors of the kind chiefly used for highway transportation in combination with a trailer or semi-trailer. So as part of the regulatory statutory scheme, there's always a question, is this a highway vehicle? Is it being used for a highway transportation function? And so that regulation was clarifying that there's certain kinds of components and equipment that are installed in the truck that were just because they're in some sense a part of the truck because they're installed on the truck, we're not going to subject them to the tax because they're not contributing to this transportation function. Okay, like the features that let the truck idle at the truck stop with the air conditioner running? Right, exactly. Yeah. So that's an exemption then? That is an express statutory exemption. And these filters could be expressly excluded, I assume? They could be, but certainly Congress could expressly exclude them. But just because Congress has enacted an express exemption, we don't think that doesn't leave room for regulatory interpretation of the statutory language. And I see I have one minute, so unless there's other questions, I'll save my remaining time for rebuttal. Very well. Okay, thank you. Thank you. Good morning. May it please the Court, Randolph Hutter. How is it pronounced, Hutter? Hutter. Hutter, thank you. Just like butter. You may proceed. Or when I play golf, just like putter. Okay. Thank you very much. I'll first address the Mayo issue as long as it came up and seems to be in the Court's mind. As Judge Strass discussed, the Mayo case talked about students. But students in that case were people who wore two hats. They had two different functions. So that's where the ambiguity came from. Are they employees? Well, yes, they are. Are they students? Yes, they are. A diesel particulate filter is nothing but a truck part. It was designed for this use. It functions as a truck part and can't function anywhere else. It can't be taken off the truck and used for any other purpose. It can't do any other thing other than be a part of the exhaust system of the trucks and function as a component to make the trucks able to go on the highways. That's the distinction with Mayo, in my mind. The students had different purposes that DPF does not. And the fact that the filter does not enhance the truck's engine performance and that the engine could run perfectly fine without it is irrelevant. It's irrelevant because it can't run on the roads. It can't even move off the parking lot without the filter installed. So as a practical matter, it is a part of a truck. Absolutely, absolutely. And I want to get into what it's not the way the course case was decided, but I want to get into the highway transportation function. Before you get there, though, I think Judge Arnold made an excellent point, which is if it's so plain, if part is so plain, then why have this long regulatory history where over the course of time, the regulations define the word part in a way that provides additional explanation? How do you respond to that argument? Well, in part, it's complicated to respond to and complicated to look into because there were all these iterations and definitions. And they seemed to broaden the language of part at the time. The regulations in place then said, well, not only what's... I've got it here. Any article, the primary use of which was to improve. Any article attached, designed to be attached. They were expanding the definition of part, not limiting it in any way. And now Congress has changed the statute and the new regulation that goes along with this statute does not have these regulations in place, these definitions in place. As though, again, as you say, the definition of part is pretty well established. We really don't need a regulation at this time to define what that is. It's pretty self-evident. So I believe that Congress's, as Judge Arnold was saying, Congress's intent is clear and the history is clear and further regulation isn't necessary now. I'm sorry, I don't understand what you're saying. There's a new regulation in place, 145.4051, which was designed to go along with this new statute, 4051. The old statute was statute was 4061 and the new... Yes, yes, exactly, where it was charged against the first retail sale as opposed to charging the manufacturer. And the new regulations that go along with the new statute do not have the part definition, do not include the old definition of part. Therefore, that's why the district court was left with the statutory language, the dictionary definition of what a part is, and that functions just fine. That makes it clear. The word part is, at this point, is very clear. It's a basic component of the machine at issue here. It's not an option that you purchase years later. It's not an aftermarket equipment piece that you install later on. It's very basic. It's sold at the first retail sale and if a purchaser came to you and bought the truck and this filter wasn't on it, he would come back and complain and say, I didn't get the complete truck that I purchased. I can't use this truck without this filter. That's a part. That's a basic component of this truck. And that's why our two arguments are really in our argument was that, in our brief, was that it can be separated out as a part in one way, but it's also inseparable from the basic unit of taxation here, which is the truck. Where do you stop taking off parts to determine what is a part, what's a truck that you bought at the first retail sale? You bought all the parts that were on the truck at the time of the retail sale. They are the parts of the truck. And therefore, I think, we think that the filter is taxable simply under the part, under the word tractor, as it is in the statute, tractor for use on highway pulling trailers and semi-trailers. But it also is included in the term part, which is a separate definition, which, by the way, it's a separate term they included because they didn't want somebody buying a truck and then separately, say, through Amazon buying an exhaust system and then through Amazon buying a steering wheel and that way trying to avoid the excise tax. The idea is, no, you buy those things later and they're component parts of the truck that you need to run the truck. They're parts. They're taxable. They're subject to the tax in any event. With regard to the highway transfer, the new regulation, which I believe the IRS refers to as the installed equipment regulation, which the appellant relies on and says that if it's not needed for highway transportation function, it's not a part that's taxed. First of all, that's not the language. That's not the way this regulation reads. What it reads, the way it reads as regardless of whether separate sales of the machinery or equipment would be subject to tax on automated parts or accessories imposed under the statute, well, then you look at this regulation. In other words, regardless of when you've done the determination of part or equipment or accessory first and regardless of how you come down there, this regulation says if it aids the transportation function of the truck, it's going to be taxed too. Therefore, you don't get to this regulation at all if you've already decided that something is taxed as a part. So that's one reason that this regulation simply doesn't apply in addition to the fact that the plain language of the statute covers what part is and this regulation doesn't kick in until it's not taxed as a part. Doesn't, aren't there examples in the regulations about what counts as something that contributes to the highway transportation function of the vehicle and what does not? They are. And how do you, what do you think the dividing line is between those, the ones that are and the ones that are not? I mean, how would you define what it is the regulator is getting at? Yes, what I believe the regulator is getting at is does the part equipment thing in question aid the transportation function of the vehicle? In other words, if you're building a truck to carry logs, then the parts on the sides that hold the logs, make sure they don't fall off, that assists, that contributes to the highway transportation function. The truck can't do the job it's designed to do and those things aren't the load the truck is carrying. You're saying, I don't want to put words in your mouth, but is it that it goes to the practical ability of the truck, the use of the vehicle, to be involved in the transportation enterprise, is that correct? To do transportation, yes. How is this, how does this do that? I mean, how does this particular device fit into that? By allowing the truck legally to operate on the highway. That's illegal. Yes, yes. Practical function, is there a difference or? Yes, well, in our belief there is no difference at this point because they cannot do the transportation function that they need to do with these trucks without that filter installed. I would also call this court's attention to a technical advice memorandum the IRS issued in 2001. We didn't mention this in our brief because we don't think the regulation applies and we didn't get deeply into the highway transportation function. But this is found at 2002 Westlaw 28778. It's a technical advice memorandum that discusses for several pages what is the difference between something that contributes to the highway transportation function and what is something that does not contribute to the highway transportation function. And in particular, this technical advice memorandum talks about something that is compaction equipment and top doors of refuse collection vehicles. And one of the things it says is that regard to the compaction equipment that compresses refuse in a trash truck, it also enables the vehicle to carry more than it would be able to carry without the compaction. Therefore, it adds to the utility of the vehicle in transporting a load over the highways. In other words, it doesn't have to be just a part that makes the truck go. It's not tied with the propulsion or the drive, the physical movement of the vehicle. It's tied with the function of the vehicle and doesn't allow it to do what it needs to do. It's not tied up with the mechanics of making the engine go or making the tires go around. It's tied up with the transportation function as opposed to the physical moving function. And that's why this filter is absolutely a part of the truck even if you look at these regulations because without it, there would be no highway transportation function. Well, they could do it. You could operate it illegally. Yes, sir. Yes, you could. Oh, I mean, I think there could be. Yes, but presumably the company does not want to do that. Well, I agree with that, but it's not a practical impediment. It's simply a disincentive. Yes. Yes. And a strong incentive. A strong incentive because otherwise the company would be shut down. Well, the practical function of the filter is that it allows the truck to be operated legally on the highway. Exactly. Exactly. I wrote down when I was working on this case, I wrote down are the filters neither fish nor fowl. I haven't come up with that one yet either. And I think down memory lane, all of you are too young to remember the first catalytic converters. Some people, the mechanics won't take them off. They took them off. But they taught you how to do it. My dear departed father, he was more honest than any man I've ever met in my life. It enabled him to use the gas we borne in tractors out of the farm on his Buick car. And I hope he won't be punished. Or the seat belt, the first seat belt under locks, he couldn't turn the key. And the car dealer wouldn't do it for you, but he could show you how to cut the wire. We're going astray here. Yeah, because I'm not sure what the answer is in this case. We're taxing based on the assumed behavior and the required behavior of the truck company. And maybe I've said too much already. That's the most elegant way of putting it in legal terms. Yes, yes. I would also like to speak to the idea that Thompson Truck brings up that somehow the regeneration function of the DPFs is somehow a different type of function and makes that not a part of the truck. That's just really a self-cleaning mechanism. It's not as though, again, you can take the DPF off of the truck and use it as some sort of regenerator somewhere on a farm or even in someone's backyard or in a warehouse. It's regenerating because the soot builds up in the filter and that cleans the filter out. And if you don't do that, the truck will either shut down because it's all clogged or you will have to take it into a dealer or somebody and have that cleaned out for you. And that's an expense that you don't want to incur, say every, I don't know how many thousand miles it require, but you want that function to be done in the filter as the truck is going or idling and cleaning itself and doing that for you. Plus that's the purpose of the filter is to blow away, to burn away the pollution that is being collected. That's part of the pollution reduction function of the DPF. So that is not a separate function that should be considered. In short, I would just like to end with the fact that a statement that this case was correctly decided under Rule 12b-6 because Thompson Truck did not plausibly allege that DBFs are not truck parts subject to the excise tax under 4051 and that is the standard under Iqbal and Twombly. If the court has no questions, I'll be seated. Thank you very much. Thank you. First, I would like to briefly address the technical advice memorandum, which was not cited in the government's brief, but also a revenue ruling from 1995 that we did cite in our brief. Both reflect that the Treasury Department views the statute as leaving room for regulatory interpretation. Both the technical advice memo and the revenue ruling look to the installed equipment regulation in deciding what things sold with the particular tractor or truck at issue should be subject to tax. So the agency has long adopted an interpretation of the statute that's very different from what the district court did here, which was to say that everything that's sold with the truck is taxable. I also want to briefly address the government's argument regarding the regardless language and the installed equipment regulation. We do spell this out in our brief. It's a bit confusing. There's a sort of vestigial language from an early statutory scheme where if you had a part or accessory that was not sold at the time the truck was sold, it would be subject to tax unless it was a part or accessory that was used with automobiles. So that's what that language is referring to. The government is interpreting the installed equipment regulation to say that even if a part or accessory wouldn't be taxable under the statute, it becomes taxable under this regulation. And that's just not how regulations work. The regulation wouldn't impose a tax that the statute didn't impose. And I think one way to look at this is that for many decades, the parts and accessories regulatory definition was operating side by side with the installed equipment regulatory definition. And the installed equipment regulation is just saying that there are certain kinds of components that we're not going to treat as taxable. And we believe that that's the question on remand is whether this installed equipment regulation applies and that at least, very least the district court should take up that question. What are we to make of the fact if it is a fact that there has been no move to amend the regulations or the taxing statutes to incorporate this particular device? Well, the fact that the statute hasn't adopted an express exemption doesn't foreclose under Chevron consideration of a regulation. And when Congress enacted Statute 4051, the retail excise tax statute in 1983 and the Treasury Department promulgated regulations, the Treasury Department specifically chose to make this installed equipment regulation applicable, essentially re-promulgated it and only a few regulations received that treatment. So I think there's something very significant about the fact that the Treasury said this installed equipment regulation should be applicable to 4051. And so... I won't go into the... We won't talk about the power of the highway transportation lobby. We have enough other things to think about. We thank you for your argument. The case is submitted and we will take it under consideration. At this time, we'll take a short brief, 10 to 12 minutes.